**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-26003-LEIBOWITZ**

**SERGIO YOSMANY RODRIGUEZ MEDINA**,

*Petitioner*,

*v.*

**WARDEN, KROME NORTH SERVICE PROCESSING CENTER, *et al.***,

*Respondents.*
_______________________________________/

**ORDER IN HABEAS CASES SEEKING RELIEF PURSUANT TO 8 U.S.C. § 1226(a)**

**THIS CAUSE** comes before the Court on Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") [ECF No. 1], filed on August 31, 2026.

Before addressing the merits of the Petition, the Court must determine whether it may exercise jurisdiction over this action and whether Respondents are properly named as parties. It is well-settled that a court has jurisdiction to consider a habeas corpus petition only if the court has jurisdiction over the proper respondent to the petition. *See Campbell v. Wolf*, 2020 WL 2109933, at *1 (S.D. Fla. Feb. 26, 2020) (Williams, J.) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is the person who has custody over the petitioner." *Id.* (cleaned up). That is, the proper respondent is the "immediate custodian" of the prisoner with the ability to produce the prisoner's body before the habeas court. *Id.* "A district court acts within its respective jurisdiction within the meaning of § 2241 as long as the custodian can be reached by service of process." *Id.* (alteration adopted) (quoting *Rasul v. Bush*, 542 U.S. 466, 478–79 (2004)).

There are several named Respondents in this case, but Petitioner only alleges that Respondent Warden, Krome North Service Processing Center ("Warden") is his "immediate custodian." [ECF

No. 1 ¶ 7]. Respondents Garrett Ripa, David Venturella, Markwayne Mullin, and Todd Blanche not the "immediate custodian[s]" of Petitioner but rather supervisory officials. Therefore, they must be dismissed from the case. *See Campbell*, 2020 WL 2109933, at *1; *Jarrett v. U.S. Att'y Gen.*, 2024 WL 4165273, at *1 n.1 (S.D. Fla. Feb. 7, 2024) (Singhal, J.) ("In cases involving present physical confinement, the Supreme Court reaffirmed . . . that 'the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent.'") (quoting *Rumsfeld*, 542 U.S. at 439). However, the Court has jurisdiction over the Petition and the Warden of Krome North Service Processing Center, who is the proper Respondent.

Turning to the merits, Petitioner seeks an individualized custody hearing, [*id.* at 8], and the Court will grant that request pursuant to 8 U.S.C. § 1226(a) on an expedited basis. In many prior cases involving essentially indistinguishable facts, the Government has advanced the position that immigrants like Petitioner are subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See, e.g.*, *Ocampo Fernandez v. Ripa*, No. 1:25-cv-24981-DSL, ECF No. 17 (S.D. Fla. Nov. 25, 2025); *Landaverde v. Ripa*, No. 0:25-cv-62474-DSL, ECF No. 11 (S.D. Fla. Dec. 18, 2025); *Velasquez v. Diaz, et al.*, No. 1:25-cv-25604-DSL, ECF No. 24 (S.D. Fla. Dec. 18, 2025); *Martinez v. Field Off. Dir.*, No. 1:25-cv-26026-DSL, ECF No. 7 (S.D. Fla. Jan. 14, 2026); *Moncada v. Noem, et al.*, 0:25-cv-62285-DSL, ECF No. 14 (S.D. Fla. Jan. 16, 2026). The Eleventh Circuit has rejected the Government's view and held that detainees similarly situated to Petitioner are being detained pursuant to 8 U.S.C. § 1226(a) and are therefore entitled to a bond hearing. *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Any removal proceedings to which Petitioner is now or may be subjected shall be **ADMINISTRATIVELY STAYED** pending the resolution of the Petition. Respondent

**SHALL NOT** transfer or remove Petitioner outside of the geographical boundaries of the Southern District of Florida during the pendency of these proceedings and until further Order of this Court.

2. **No later than September 18, 2026**, Respondent shall ***either*** (1) provide Petitioner an individualized bond hearing, consistent with 8 U.S.C. § 1226(a), or otherwise release Petitioner, ***or*** (2) show cause in writing justifying Petitioner's detention and produce a copy of the full record of Petitioner's arrest, detention, and removal proceeding records, any Notices to Appear, any Form I-200 warrants of arrest, any Form I-286 custody determinations, any Form I-213, any determination(s) made under 8 C.F.R. § 287.3(d), any written custody classification or determination identifying the statutory basis for Petitioner's present detention, and any other documents reasonably necessary for the resolution of the Petition. *See* 28 U.S.C. § 2243 (stating that a response to an order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed").

    a. If Respondent chooses to provide Petitioner an individualized bond hearing, Petitioner must be afforded a meaningful opportunity to prepare for and attend the bond hearing. <u>No less than 72 hours prior to the time the bond hearing is set to commence</u>, Respondent shall notify Petitioner's counsel that a bond hearing has been scheduled, which shall include the time, date, and location of the bond hearing and shall apprise counsel of any procedural requirements that must be satisfied in order to appear on behalf of Petitioner at the bond hearing. **Within 24 hours of the conclusion of the hearing**, Respondent shall file a status report informing the Court of its outcome and, if release is denied, explaining the reasons.

b. If Respondent elects to show cause, Respondent's brief shall set forth the factual and legal reasons why this case is distinguishable from other cases in which bond hearings have been granted. Petitioner may, but is not required to, file a reply to Respondent's response **no later than September 22, 2026**.

3. Respondents Garrett Ripa, David Venturella, Markwayne Mullin, and Todd Blanche are **DISMISSED** *without prejudice*. The *Clerk* is *directed* to **TERMINATE** Respondents Garrett Ripa, David Venturella, Markwayne Mullin, and Todd Blanche from this case.

**DONE AND ORDERED** in the Southern District of Florida on September 11, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record